# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-361V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MICHAEL BULL, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: April 30, 2020 |
| | * | |
| v. | * | Attorney's Fees and Costs; |
| | * | Interim Fees. |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Mark Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Mollie Gorney*, U.S. Dep't of Justice, Washington, D.C., for Respondent.


**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On March 8, 2018, Michael Bull filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he experienced a vaccine-induced neuropathy as a result of an influenza ("flu") vaccine that he received on October 5, 2016. *See* Petition, filed Mar. 8, 2018 (ECF No. 1).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $29,003.13 (representing $26,894.28 in attorney's fees, plus $2,108.85 in costs). *See generally* Motion for Interim Attorney's Fees and Costs, filed Feb. 11, 2020 (ECF No. 35) ("Interim Fees App."); Ex. A to Interim Fees App., filed Feb. 11, 2020 (ECF No. 35-1) ("Ex. A").

Respondent reacted to the motion on February 13, 2020, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. Response, filed Feb. 13, 2020 (ECF No. 36) at 3. Respondent otherwise represents that the statutory and other legal requirements for an award of attorney's fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id.*

For the reasons stated below, I hereby **GRANT** Petitioner's motion, awarding at this time interim fees and costs in the total amount of **$29,003.13**.

## PROCEDURAL HISTORY

This action has been pending for two years. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Mark Sadaka, Esq., began working on the matter in December 2016, fifteen months before the case was filed. *See* Ex. A at 1. The case thereafter proceeded with Petitioner filing medical records and final statement of completion on September 21, 2018, and Respondent filing his Rule 4(c) Report and a motion to dismiss on November 21, 2018. Respondent's Report, filed Nov. 21, 2018 (ECF No. 15); Respondent's Motion to Dismiss, filed Nov. 21, 2018 (ECF No. 16) ("Mot. to Dismiss"). Petitioner supplied his amended petition and response to the motion to dismiss on December 14, 2018. Response to Mot. to Dismiss, filed Dec. 14, 2018 (ECF No. 20); Amended Petition, filed Dec. 14, 2018 (ECF No. 19).

On March 22, 2019, I scheduled a fact hearing in this matter to be held on July 11, 2019. Prehearing Order, filed Mar. 22, 2019 (ECF No. 23). Petitioner filed his prehearing submissions on June 21, 2019, and the fact hearing regarding onset of Petitioner's alleged injury was held on July 11, 2019 in Kansas City, Missouri. Following the fact hearing (and after some preliminary efforts to settle proved unsuccessful), the parties agreed to engage expert witnesses, and Petitioner's first expert report is currently pending.

Petitioner filed the present interim request for an award of attorney's fees and costs on February 11, 2020. *See generally* Interim Fees App. It is the only fees request submitted to date in this case. Petitioner specifically requests that Mark Sadaka be compensated at a rate of $362.95 per hour for work performed in 2016, $376.38 per hour for work performed in 2017, $396 per hour for work performed in 2018, and $405 per hour for work performed in 2019. *Id.* at 3. For the work of two paralegals, Petitioner requests compensation at a rate of $140 per hour for work performed in 2016, $145.17 per hour for work performed in 2017, $150.55 for work performed in 2018, and $156 per hour for work performed in 2019. *Id.* Petitioner states that the requested hourly rates have previously been found to be reasonable. *Id.* Petitioner additionally requests $2,108.85 in attorney's costs (for obtaining medical records, shipping, and travel costs). Ex. A at 13–14.

# ANALYSIS

## I.    Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at \*6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at \*5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at \*8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at \*16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets these criteria: it has been pending for over two years, and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate.

## II.    Amounts Requested for Petitioner's Attorneys

I must now determine the magnitude of the award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at \*2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly

at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

Petitioner asks that Mr. Sadaka and two paralegals who worked on this matter be reimbursed at varying rates for work performed from 2016-2019, as detailed above. Mr. Sadaka, whose practice is located in Englewood, New Jersey, has repeatedly been found to be "in-forum" and therefore entitled to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4] *See, e.g.*, *Prepejchal v. Sec'y of Health & Human Servs.*, No. 15-1302V, 2019 WL 2296774, at *2 (Fed. Cl. Spec. Mstr. Apr. 15, 2019) (citing several decisions in which Mr. Sadaka's practice was deemed "in-forum"). Additionally, I have recently awarded the specific rates requested herein for the same time periods to Mr. Sadaka and his paralegals. *See id.* Thus, I find Petitioner's requested rates reasonable, and they shall be awarded.

In addition, the number of hours expended on this matter appear to be reasonable for a case that has lasted roughly two years. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and testimony relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. In addition, work on the matter has already required hearing time. Therefore, the requested attorney's fees will be reimbursed in full.

(I note, however, that it is my practice **not** to award fees and costs on an interim basis more than once in a case. The only exception I make to this approach is a willingness to award costs associated with any entitlement hearing activities (i.e. travel expenses and expert costs), but in such cases I usually if not always defer any additional fee awards until the end of the case.

---

qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Dep't of Health & Human Servs.*, 86 Fed. Cl. 201, 205–06 (2009). This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[4] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

Accordingly, counsel should not expect to receive a second interim award of attorney's fees in this matter).

## III.    Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests reimbursement of $2,108.85 worth of miscellaneous litigation costs, such as medical record requests, postage, and travel to and from the July 2019 fact hearing. Ex. A at 13–14. Such costs are commonly incurred in the Vaccine Program, and they reasonable under the circumstances presented by this case. Thus, I award the requested costs—a total of $2,108.85— in full.

## CONCLUSION

In the exercise of the discretion afforded to me in determining the propriety of interim fees and costs awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Interim Attorney's Fees and Costs. I specifically award a total of **$29,003.13** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Mark Sadaka, Esq., representing attorney's fees in the amount of $26,894.28, plus $2,108.85 in costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.